## CIRCUIT COURT OF THE CITY OF NORFOLK

Linkups Invest
and Trade Co., Ltd.

v.

China Market U.S.A., Ltd.

August 21, 1997

Case No. (Law) L-96-2891

BY JUDGE EVERETT A. MARTIN, JR.

Linkups Invest & Trade Co., Ltd., as assignee of Qingyuan Jianbei Enterprises Group Corporation ("Jianbei"), has filed a motion for judgment against China Market U.S.A., Ltd., arising out of a contract between the defendant and Jianbei. The defendant has demurred claiming, first, that the plaintiff is not a proper party because the assignment was invalid and, second, that the contract requires settlement of disputes by arbitration. The demurrer will be sustained because, under the current state of the pleadings, the assignment was invalid and the plaintiff lacks standing to bring this suit.

The three documents relevant to this action are the original contract, a "supplement of contract," and a document entitled "assignment." The original contract provided for the creation of a supplement "[i]f anything were left ambiguous." Although it appears that no ambiguity arose, the defendant and Jianbei subsequently executed the "supplement of contract." After the dismissal of the action previously filed in the Circuit Court of Portsmouth, Jianbei attempted to assign "all its rights, interests, and values remaining on the contract" to the plaintiff despite a clause in the original contract that provided "The contract itself is not transferrable." By the common law, parties to a contract may prohibit its assignment. *White v. Raleigh Wyoming Mining Co.*, 113 W.Va. 522, 168 S.E. 798, 800 (1933); *Burck v. Taylor*, 152 U.S. 634 (1893).

The plaintiff argues that the supplemental contract is not subject to the non-assignment clause in the original contract. The plaintiff further asserts that the supplemental contract is a chose in action which is assignable, despite the contrary language in the original contract, because "nothing remains to be done except payment of money by one of the parties to another." Assuming, without deciding, that this is an accurate statement of the law, the plaintiff has failed to allege in its pleadings that performance of the contract was complete except for the payment of money. The court will not assume that all that remains of the contract is the promise to pay contained in the supplement.

*Webster's Unabridged Dictionary* (1979) defines a "supplement" as "something added to complete a thing . . . or reinforce or extend a whole" and as "a part added to a book, document, etc., to supply additional . . . information . . . ." As a supplement to the contract, it was an addition to the original contract. Hence, it was subject to all restrictions in the original contract, including the non-assignment clause. Had the parties intended that the "supplement of contract" be a novation in satisfaction of all rights and liabilities under the original contract, they could have expressly so provided. They did not.

As the defendant's demurrer is sustained on this ground, the court need not decide if this matter must be submitted to arbitration. Counsel for the defendant shall prepare an order allowing the plaintiff thirty days to file an amended motion for judgment if it be so advised.